IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| CORY LEE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV687 |
| | ) | |
| U.S. MARSHALS SERVICE THREE | ) | |
| UNKNOWN NAMED DEPUTIES, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Cory Lee Jacobs, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names "U.S. Marshals Service Three unknown named deputies," "Orange County Jail unknowned name staff (2 people)," "Piedmont Regional Jail unknown name and number of staff and the Warden," and "WellPath medical services of Piedmont regional Jail and unknown name supervisor" as Defendants in this matter. (Complaint [Doc. #2], § I(B).) Plaintiff was a defendant convicted in this Court in United States v. Jacobs, No. 1:18CR245-2. During that prosecution, he was housed at both the Orange County Jail in this District and the Piedmont Regional Jail in the Eastern District of Virginia. Plaintiff seeks to raise claims based on three separate "events" occurring in these locations.

The first event or set of events occurred at the Orange County Jail.  Plaintiff claims that jail staff ordered him to go into a separate room from his property and legal papers. (Complaint, § IV(D).)    Later, when staff from the Piedmont Regional Jail arrived to transport him to Virginia, an officer brought Plaintiff his property.  (Id.)  Plaintiff informed staff that this was not all of his property.  (Id.)  The officer looked again and said that this was all of the property.  (Id.)  The officer and other staff refused to look into the matter further and the staff from the Piedmont Regional Jail then made him leave without all of his property.  (Id.)   Plaintiff alleges that staff at the Orange County Jail "deliberately damaged, stole, or lost" his property and legal papers.  (Id.)

The second and third events listed in the Complaint occurred at the Piedmont Regional Jail in Virginia.  Plaintiff alleges that, during February and March of 2019 guards at the Jail assaulted him on multiple occasions and also took his property.  (Id.)  He also claims that, in April of 2019 guards again assaulted him and stole his property.  (Id.)  He claims that he did not receive proper medical treatment following that incident.  (Id.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint.  28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

Regarding the first incident, Plaintiff primarily alleges that unidentified employees at the Orange County Jail took his property and did not return it to him. He also claims that the United States Marshals should be liable because he was in their custody the entire time and that personnel from the Piedmont Regional Jail moved him without all of his property. Even if true, these allegations do not state a claim under § 1983. Plaintiff alleges no direct involvement by any personnel from the Marshals Service in this incident. There is no vicarious liability under § 1983, and theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor also do not provide a basis for a

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

claim under § 1983.   Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  In addition, Plaintiff fails to explain how the transportation staff from Piedmont Regional Jail violated his rights by transporting him after being assured and reassured by Orange County Jail officials that Plaintiff had all of his property.  Although Plaintiff allegedly insisted otherwise, the transportation staff did not somehow violate his federal constitutional rights by transporting him after Orange County staff double checked for Plaintiff's property and stated that he did not have any more.  Any loss of the property was on the part of staff in Orange County, not any other listed Defendants.

With respect to Plaintiff's allegations that staff in Orange County wrongfully took, lost, or destroyed his property, to the extent that Plaintiff alleges a negligent loss of his property, § 1983 covers only intentional violations of federal rights, not mere negligence. If Plaintiff instead alleges an intentional deprivation of his property, there is no procedural due process claim under § 1983 for such takings.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Chamberlain v. Jordan, No. 1:06CV73, 2006 WL 3386840, at *4 (M.D.N.C. Nov. 17, 2006) (unpublished).  Prisoners in North Carolina may bring actions for conversion in the state courts based on any deprivation of property.  Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983).  Therefore, Plaintiff cannot bring a procedural due process claim under § 1983 for the alleged taking of his property.  Moore v. Plaster, 266 F.3d 928, 929-33 (8th Cir. 2001); Wilkins, 714 F.2d at 6; English v. Burke County Sheriff's Office, No. 1:11-cv-144-RJC, 2012 WL 3811798, at *3-4 (W.D.N.C. Sept. 4, 2012) (unpublished).  Plaintiff fails to state any claim for relief as to the first set of events listed in his Complaint and claims related to those events should be dismissed accordingly.

4

As for the second and third incidents alleged in the Complaint, these occurred at the Piedmont Regional Jail in the Eastern District of Virginia.  The Jail staff and medical workers allegedly responsible for those incidents appear to be located there as well.  The only possible connection to this District is an allegation in the Complaint that Plaintiff "was in the care and custody of the U.S. Marshall's [sic] Service.  On April 17th before [he] was beat[en he] told three unknown named staff [that he] was already beaten and afraid to go back there."  (Complaint at 4.)  This conclusory allegation, devoid of all details except a date, is not sufficient to state a claim for relief by imposing liability on members of the Marshals Service and should be dismissed accordingly.  Therefore, Plaintiff states no claim for relief against any Defendant located in this District or connected to any events occurring here.

Given Plaintiff's failure to state a claim against Defendants located in this District or based on events occurring here, the Court will next consider whether to transfer the matter under 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Under 28 U.S.C. § 1391:

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

5

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, it appears that all remaining Defendants likely reside in the Eastern District of Virginia and that, in any event, the events or omissions giving rise to the remaining claims all occurred in that district. The interests of justice would not be served by having the case remain in this District, which bears no real connection to the remaining claims and parties, thereby forcing those parties and any potential witnesses to travel out of state to this District. Therefore, the matter should be transferred to the Eastern District of Virginia for all remaining proceedings, including whether Plaintiff sufficiently states a claim against parties in that district and whether his request for *in forma pauperis* status should be granted. His request to proceed *in forma pauperis* will be granted solely for the entry of this Order and Recommendation.

Finally, Plaintiff filed a Motion [Doc. #3] asking that the Court order the Marshals Service to transfer him out of the Piedmont Regional Jail. The record reflects that he is no longer housed in that facility and there is no indication in the record that he will be returned to it. Therefore, the Motion will be denied. Plaintiff also filed a Motion to Provide All Filings and for Default Judgment [Doc. #6] and a Motion to Appoint Counsel [Doc. #7]. The Court finds no basis for entry of default and no basis to provide Plaintiff with documents that he filed in this case. To the extent Plaintiff is seeking discovery, that request is premature. The Court also finds no basis for appointment of counsel in this

6

District, but Plaintiff can renew his request to the Eastern District of Virginia for their review after the case is transferred.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's Motion [Doc. #3] seeking to be transferred out of the Piedmont Regional Jail is denied, and Plaintiff's Motion to Provide All Filings and for Default Judgment [Doc. #6] and Motion to Appoint Counsel [Doc. #7] are also denied.

IT IS RECOMMENDED that Plaintiff's claims against members of the United States Marshals Service, claims against staff at the Orange County Jail, and claims against staff from Piedmont Regional Jail based on events occurring at the Orange County Jail, be dismissed for failing to state a claim upon which relief may be granted.

IT IS FURTHER RECOMMENDED that all claims not dismissed be transferred to the United States District Court for the Eastern District of Virginia for all further appropriate proceedings.

This, the 11th day of February, 2020.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge